IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| | * | Criminal Action No. GLR-12-588 |
| v. | | Criminal Action No. GLR-14-229 |
| | * | |
| ADONIS HAWKINS, | | |
| | * | |
| Defendant. | | |

***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on self-represented Defendant Adonis Hawkins's (f/k/a Marcus Smith) Motions to Reduce Sentence filed in cases GLR-12-588 (ECF No. 65) and GLR-14-229 (ECF No. 32). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons outlined below, the Court will deny both Motions.

## I. BACKGROUND

On June 25, 2015, Hawkins pled guilty in two related criminal proceedings. In the first, Hawkins was indicted and pled guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), and 2256. (GLR-12-588, ECF Nos. 1, 38). In the second criminal case, originally initiated in the Eastern District of Virginia and transferred to the District of Maryland on May 12, 2014, (GLR-14-229, ECF No. 1), Hawkins waived indictment and pled guilty to a Criminal Information charging him with two counts of abusive sexual contact in violation of 18 U.S.C. § 2244(a)(5), (GLR-14-229, ECF Nos. 4–5). On September 18, 2014, the Court sentenced Hawkins to 120 months' imprisonment

and fifteen years' supervised release in GLR-12-588, (J. at 1–3, ECF No. 44),[1] to run concurrently with a sentence of 144 months' imprisonment and twenty-five years' supervised release imposed on the same day in GLR-14-229, (J. at 1–3, ECF No. 12).

Hawkins's term of supervised release began on January 31, 2023. (GLR-14-229, Violation Pet. at 1, ECF No. 15). On July 17, 2023, the U.S. Probation Office filed a Petition, alleging that Hawkins violated the terms of his supervised release by (1) possessing five unauthorized internet-capable devices, (2) making false statements regarding his possession and use of those devices, and (3) possessing pornographic material. (Id. at 2–3). Forensic examination of the devices revealed sexually explicit communications from Hawkins to several individuals, 108 images and forty-seven videos of child exploitation, 1,021 images and 237 videos of potential child exploitation, and adult pornography. (GLR-14-229, Stipulation of Facts at 1–2, ECF No. 29-1). Hawkins pled guilty to all the violations alleged in the Petition and agreed to a proposed sentence of eighty-four months' imprisonment. (GLR-14-229, 2023 Plea Agreement at 1–2, ECF No. 29). On October 11, 2023, the Court sentenced Hawkins to a term of imprisonment of two years in GLR-12-588, (J. Violation Supervised Release at 2, ECF No. 63), and five consecutive years of imprisonment in GLR-14-229, (J. Violation Supervised Release at 2, ECF No. 30), for a total term of seven years' imprisonment. Hawkins's projected release date is July 5, 2029. (GLR-14-229, Mot. Sentence Reduction ["Mot."] at 1, ECF No. 32).[2]

[1] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

[2] Hawkins filed identical Motions for Sentence Reduction, and the Government filed identical Responses in Opposition to Hawkins's Motions in GLR-14-229 and GLR-12-588.

Hawkins filed the instant Motions for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 829 to the United States Sentencing Guidelines ("U.S.S.G.") on December 15, 2025. (Id.; GLR-12-588, ECF No. 65). The Government filed its Oppositions to Hawkins's Motions on February 23, 2026. (GLR-14-229, ECF No. 40; GLR-12-588, ECF No. 72). On March 9, 2026, Hawkins filed a Supplement to his Motions to Reduce Sentence. (GLR-14-229, ECF No. 41; GLR-12-588, ECF No. 73).

## II. DISCUSSION

### A. Standard of Review

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." United States v. High, 997 F.3d 181, 185 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). Under 18 U.S.C. § 3582(c)(2), however, the Court may reduce a sentence "upon motion of the defendant[,] . . . the Director of the Bureau of Prisons, or on its own motion" where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." The Court may grant such a motion when a sentence reduction is consistent with the applicable sentencing factors set out in 18 U.S.C. § 3553(a) and the applicable Sentencing Commission policy statements. 18 U.S.C. § 3582(c)(2). The applicable amendment to the Sentencing Guidelines must apply retroactively, and in general the Court may not grant a reduction that would lower the defendant's term of imprisonment below the minimum of the amended guideline range. U.S.S.G.

Unless otherwise specified, citations to the Parties' briefs refer to those filed in GLR-14-229.

§ 1B1.10(a)(2), (b)(1)–(2); see United States v. Wiliams, 808 F.3d 253, 257 (4th Cir. 2015); United States v. Stewart, 595 F.3d 197, 201 (4th Cir. 2010). In determining the extent of the reduction, the Sentencing Guidelines direct the Court to identify "the amended guideline range that would have been applicable to the defendant if the amendment[] . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1); see Wiliams, 808 F.3d at 257 (citing U.S.S.G. § 1B1.10). The Court may reduce a defendant's sentence but is not required to do so. Stewart, 595 F.3d at 200 (stating the decision to grant a reduction in sentence "is discretionary on the part of the district court").

**B. Analysis**

Here, Hawkins filed his Motion under 18 U.S.C. § 3582(c)(2), asking the Court to reduce his sentence in line with Amendment 829 to the U.S.S.G. (Mot. at 1). Amendment 829 addresses the relevance of a defendant's age in sentencing and states that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." U.S.S.G. Amend. 829; U.S.S.G. § 5H1.1. Contrary to Hawkins's assertion, however, the Amendment is not applicable here because it does not apply retroactively. Id. §§ 1B1.10(a)(2)(A), (c); United States v. Rivers, No. JKB-19-36, 2025 WL 1148519, at *1 (D.Md. Apr. 18, 2025). Hawkins was originally sentenced in 2014 and later sentenced in connection with his supervision violations in 2023. (J. at 1; J. Violation Supervised Release at 1). Amendment 829 became effective on November 1, 2024. U.S.S.G. Amend. 829. Thus, because Hawkins was convicted and sentenced prior to

the enactment of Amendment 829, and because the Amendment does not apply retroactively, it is not applicable here.

Even if Amendment 829 applied retroactively, Hawkins would not be entitled to a sentence reduction. The Amendment states that "[a] downward departure . . . may be warranted," but is not guaranteed. Id. (emphasis added). Moreover, the Amendment recognizes "the age-crime curve and that cognitive changes lasting into the mid-20s affect individual behavior and culpability." Id. (emphasis added). Although Hawkins was twenty years old at the time he was sentenced in his original criminal proceedings, at the time of his supervision violations—the offenses for which he is currently serving a term of imprisonment—Hawkins was nearly thirty and no longer a youthful offender. (Gov't's Resp. Opp'n at 5, ECF No. 40; Presentence R. & R. at 1, ECF No. 11).

Furthermore, a sentence reduction would not be consistent with the § 3553(a) sentencing factors. Section § 3553(a) directs courts to consider sentencing factors including but not limited to: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed" in light of the offense, potential for deterrence, and threat to the public; and "(3) the kind of sentences available." 18 U.S.C. §§ 3553(a)(1)–(3). Here, Hawkins pled guilty to serious felony charges, including possession of child pornography and abusive sexual contact, and served a lengthy prison sentence. (2014 Plea Agreement at 2, ECF No. 5; J. at 2). Even so, shortly after his release from custody, he was found in violation of the terms of his supervised release. (Violation Pet. at 1). Hawkins had in his possession five internet-capable devices that he used to send sexually explicit communications and store images and videos of child

exploitation. (Id. at 2–3; Stipulation of Facts at 1–2). The seven-year sentence imposed for his supervision violations was necessary to reflect the seriousness of the offense, and Hawkins's actions while on supervised release demonstrate a significant need both to protect the public and to provide further deterrence. Thus, the § 3553(a) sentencing factors weigh against a sentence reduction.

At bottom, Hawkins has failed to establish any grounds for a sentence reduction, and the Court will deny his Motion for Sentence Reduction.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Hawkins' Motions for Sentence Reduction in cases GLR-12-588 (ECF No. 65) and GLR-14-229 (ECF No. 32). A separate Order follows. Entered this 9th day of September, 2026.

/s/

George L. Russell, III
Chief United States District Judge